# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHANIEL RILEY, : | |
| : | |
| Plaintiff : | |
| : | CIVIL ACTION NO. 3:CV-17-1526 |
| v. : | |
| : | (Judge Caputo) |
| CO1 KIPPLE, *et al.*, : | |
| : | |
| Defendants : | |

# M E M O R A N D U M

## I. Introduction

The *pro se* plaintiff, Nathaniel Riley, a state prisoner housed at the State Correctional Institution in Coal Township (SCI-Coal Township), Pennsylvania, filed this civil-rights action against twenty-eight defendants employed by the Pennsylvania Department of Corrections (DOC) at either the Central Office, SCI-Coal Township, SCI-Camp Hill or SCI-Greene. Mr. Riley simultaneously filed a motion to proceed *in forma pauperis*. (ECF No. 2.)

Mr. Riley's Complaint (ECF No. 1) is before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, Mr. Riley's motion to proceed *in forma pauperis* will be granted and he will be directed to file an amended complaint.

## II. Standard of Review

When a litigant seeks to proceed *in forma pauperis*, without the prepayment of fees, 28 U.S.C. § 1915 requires the Court to screen the complaint. Likewise, when a prisoner seeks redress from a government defendant in a civil action, whether proceeding *in forma pauperis* or not, the Court must screen the complaint. *See* 28 U.S.C. § 1915A. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915(A) give the Court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i) – (iii); 28 U.S.C. § 1915A(b)(1) – (2).

A complaint is frivolous if it lacks an arguable basis either in fact or law. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 – 28, 109 S.Ct. 1827, 1832 – 33, 104 L.Ed.2d 338 (1989)). In deciding whether the complaint fails to state a claim on which relief may be granted, the Court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). Under Rule 12(b)(6), the Court must "accept all factual allegations contained in the Complaint as true, but we disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes–Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 - 57, 127 S.Ct. 1955, 1964-1966, 167 L.Ed.2d 929 (2007)).

Finally, *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v.*

*Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. See *Philips*, 515 F.3d at 245-46 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

### III.    Allegations of the Complaint

Mr. Riley names twenty-eight DOC employees as defendants who work at four different locations: Central Office;[1] SCI-Camp Hill;[2] SCI-Coal Township;[3] and SCI-Greene.[4]

In his Complaint Mr. Riley asserts three distinct claims. First, he claims CO Kipple of SCI-Coal, verbally threatened him in retaliation for his filing of a grievance

---

[1] The following Defendants work at the DOC's Central Office: Rev. Ulrich Klemm; the members of the Religious Accommodation Review Committee; Tracy Smith; Regional Deputy Secretary Tabb Bickell; Regional Deputy Secretary Michael Wenerowicz; and Secretary John Wetzel.

[2] The SCI-Camp Hill Defendants are: Islamic Chaplain Adeeb Rasheed; Mr. Orville Larry Mills; John Doe; CO5 Horner; Deputy Kephart; Deputy Barry Smith; and Superintendent Laurel Harry.

[3] The SCI-Coal Township Defendants are: CO Kipple; Islamic Chaplain Amjad Ali; Rev. Aaron Duncan; Linda Chismar; John Doe; Deputy Edward Baumbach; Deputy Anthony Luscavage; Superintendent Thomas McGinley.

[4] The SCI-Greene Defendants are: Islamic Chaplain Abubakar Muhammad; Rev. Jabulani Sibanda; Karen Sokol; John Doe; Deputy John Doe; Deputy John Doe; and Superintendent Robert Gilmore. Additionally, it is noted that SCI-Greene is in Greene County which is located in the Western District of Pennsylvania.

against the officer. (ECF No. 1 at 5.) Next, Mr. Riley, who is a practicing follower of the "Islaam in the Sunniyy tradition," claims the DOC's policy prohibiting conjugal visits violates his rights under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) and the Pennsylvania Religious Protection Act (PRPA). Mr. Riley, who has been married twice since his incarceration, claims Defendants Ali, Akinbode, Bickle, Chismar, Baumbauch, Gilmore, Klemm, Kephart, Luscavage, Sibanda, Smith, Sokol, Wenerowicz and Wetzel denied his 2014 and 2016 requests for a religious accommodation for conjugal visits, so he may comply with his Muslim religion and obligations to his wife. (*Id*. at 6 – 7.) He also claims that as a heterosexual male, the DOC's policy prohibiting conjugal visits violates his equal protection rights as the "general homosexual prison population is able to engage in sexual conduct with one another, but heterosexual males may not have sex." (*Id.* at 7.) Plaintiff's third claim asserts that the DOC's ADM-801, Religious Activities Procedures Manual, violates his RLUIPA and PRPA rights in a variety of ways. He claims he cannot purchase or use prayer oils necessary to practice his religion. The DOC's inflexible dress code policy which prohibits him from wearing the him of his pants above his ankles, violates a central tenent of his faith. (*Id*. at 8 - 9.) He is also unable to buy the following items from the institution's commissary which are central to his practice of Islam in the Sunniyy tradition: henna, kuhl, incense, miswaak, miswaak toothpaste, halaal soap and cosmetics, as well as black seed products. (*Id*. at 9 – 14.) He wishes to acquire such products from "Islaamic vendors" of his choosing. He also asserts an equal protection violation based on his inability to purchase or possess a "white thaub (prayer robe), white izaar, Kuffayn (leather socks), kuhl (eye-liner), prayer oil, incense and henna,"

while other inmates from the Jewish, Native American, Buddhist and Christian faiths are permitted to purchase yarmulkes, prayer shawls, cloth scapulars, and other items for the practice of their religion. (*Id.* at 14.)

IV.   Discussion

    A.    **Mr. Riley's Complaint Fails to Comply with Federal Rules of Civil Procedure 8 and 20.**

> Rule 8 requires, inter alia, a 'short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. R. Civ. P. 8(a)(2). The purpose of this rule is to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.' *Bell Atl Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Thus, dismissal for violation of Rule 8 'is usually confined to instances in which the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised.' *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quotation marks omitted); *see also Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (stating same).

*Bhatt v. Hoffman*, 716 F. App'x 124, 127 (3d Cir. 2017). Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d). Rule 8 is satisfied when the allegations of the complaint "enable[s] [the adverse party] to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). If a *pro se* complaint does not comply with the requirements of Rule 8, a court may dismiss the complaint "on its own initiative or in response to a motion by the defendant." *Id.*

Rule 18(a) of the Federal Rules of Civil Procedure governs the joinder of claims. Rule 18(a) provides: "A party asserting a claim . . . may join, as independent or

alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). With respect to the permissive joinder of parties, Fed. R. Civ. P. 20(a)(2) allows persons to "be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

The joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); Hagan v. Rogers, 570 F.3d 146, 153 (3d Cir. 2009). However, the policy behind Rule 20 is not a license to join unrelated claims and defendants in a single lawsuit. See Pruden v. SCI Camp Hill, 252 F. App'x 436, 437 (3d Cir. 2007) (nonprecedential).

Additionally, given that Mr. Riley seeks to proceed *in forma pauperis*, Rule 20 "takes on additional importance in light of the Prison Litigation Reform Act of 1995 ("PLRA")," as "a prisoner-plaintiff who is permitted to combine separate, independent claims into one complaint is able to circumvent the PLRA's filing fee requirements and [its] potential 'three strikes' limitation." Saltalamacchia v. Wentzel, Civ. No. 3:14-CV-00868, 2017 WL 2843302, at *3 (M.D. Pa. June 9, 2017), *report and recommendation adopted*, 2017 WL 2834507 (M.D. Pa. June 30, 2017).

Plaintiff's Complaint names twenty-seven defendants and contains numerous unrelated claims concerning defendants who work at three different correctional facilities. Although Mr. Riley attaches over thirty pages of exhibits to his seventeen paged Complaint, his Complaint fails to meet the requirements of Fed. R. Civ. P. 8. Mr.

Riley's retaliation and religious claims involve different individuals, at different institutions, and do not arise out of the same transaction or occurrence, or series of transactions or occurrences. Defendants could not frame an answer to the Complaint as it currently stands. Accordingly, the Complaint, in its present form, will be dismissed *sua sponte* for failure to comply with Rule 20 as well as Rule 8. Mr. Riley will be granted leave to file a curative amended complaint strictly as to these claims.

### B. No Constitutional Right to Conjugal Visits while in Custody

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Rehberg v. Paulk*, 566 U.S. 356, 361, 132 S.Ct. 1497, 1501, 182 L.Ed.2d 593 (2012); *Mack v. Warden Loretto FCI*, 839 F.3d 286, 302 (3d Cir. 2016).

It is well settled that prisoners have no constitutional rights while incarcerated to contact or conjugal visits. *See Ky. Dep't Corr. v. Thompson*, 490 U.S. 454, 460, 109 S.Ct. 1904, 1908, 104 L.Ed.2d 506 (1989) (no due process right to unfettered visitation); *Block v. Rutherford*, 468 U.S. 576, 585 – 88, 104 S.Ct. 3227, 3232 - 3234, 82 L.Ed.2d 438 (1984) (pretrial detainees have no constitutional due process right to contact visits); *see also Overton v. Bazzetta*, 539 U.S. 126, 131, 123 S.Ct. 2162, 2167, 156 L.Ed.2d 162 (2003) (observing that "freedom of association is among the rights least compatible with incarceration"). "The loss of the right to intimate association is simply part and parcel of being imprisoned for conviction of a crime." *Gerber v. Hickman*, 291 F.3d 617,

621 (9th Cir. 2002). Thus, to the extent Mr. Riley seeks to assert that any of the Defendants violated his constitutional rights be denying him conjugal visits, he fails to state a cognizable claim under 42 U.S.C. § 1983.[5] The Court will not grant Mr. Riley leave to file an amended complaint as to this claim as it would be futile.

### C. Leave to File Amended Complaint

Mr. Riley will be granted twenty-one days to file an amended complaint that complies with Fed. R. Civ. P. 8 and 20 concerning his retaliation and religious claims. If Mr. Riley decides to file an amended complaint, he is advised he must clearly designate on the face of the document that it is the "Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or legibly rewritten in its entirety, preferably on the court-approved form. In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Mr. Riley is advised that any amended complaint he may file supersedes (replaces) the original complaint. In addition, it must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1; *see also W. Run Student Hous. Assocs. V. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013). Consequently, all causes of action

---

[5] Mr. Riley's Equal Protection argument also misses the mark. Although he asserts "general homosexual prison population is able to engage in sexual conduct with one another, but heterosexual males may not have sex," he is mistaken. The DOC's DC-ADM 801, Inmate Discipline Policy, makes "engaging in sexual acts with others or sodomy" (charge #19), a Class I misconduct. *See* DC-AMD 801, *Inmate Discipline Policy,* see *https://www.cor.pa.gov.*

alleged in the original complaint which are not replead in the amended complaint are waived.

Mr. Riley is also advised that his amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in individually numbered paragraphs in short, concise and simple statements. *Id.* The allegations should be specific enough as to time and place and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual defendant did that led to deprivation of his rights. He must allege how each of the named defendants participated in the alleged unlawful activity. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948. Plaintiff must also specify the relief he seeks against each defendant for the harm allegedly caused by their actions. Mr. Riley's failure to file an appropriate amended complaint within the required time will result in the Court directing the Clerk of Court to close the case. Finally, Plaintiff is reminded of his obligation to advise the Court of any change of address. *See* M.D. Pa. LR 83.18. His failure to do so will be deemed as his abandonment of the lawsuit resulting in the dismissal of the action.

An appropriate order follows.

**Date: March 29, 2019**  /s/ A. Richard Caputo
　　　　　　　　　　　　　　　**A. RICHARD CAPUTO**
　　　　　　　　　　　　　　　**United States District Judge**