# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NATHANIEL RILEY,** | : |
| **Plaintiff** | : |
| v. | : **CIVIL ACTION NO. 3:CV-17-1526** |
| | : **(Judge Caputo)** |
| **CO1 KIPPLE,** *et al.,* | : |
| **Defendants** | : |

# M E M O R A N D U M

Presently before the Court is Mr. Riley's Motion for Reconsideration of this Court's March 29, 2019-Order screening his Complaint.

For the following reasons, the motion will be denied.

## I.    Background

Mr. Riley, a state inmate presently housed at the Coal Township State Correctional Institution, in Coal Township, Pennsylvania, filed this civil-rights action against twenty-eight Pennsylvania Department of Corrections (DOC) employees who work at three different correctional facilities and Central Office.  (ECF No. 1.)  On March 29, 2019, the Court screened the Complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B).  The Court dismissed one of Plaintiff's claims with prejudice and granted him leave to file an amended complaint "concerning his retaliation and religious claims" that complied with the requirements of Fed. R. Civ. P. 8 and 20.  *Riley v. Kipple*, No. 3:17-cv-1526, 2019 WL 1424625 (M.D. Pa. March 29, 2019).

## II. Motion for Reconsideration Legal Standard

Mr. Riley seeks reconsideration of the Court's March 29, 2019-Order screening his Complaint dismissing his § 1983 claim related to the denial of conjugal visits while incarcerated and directing him to file an amended complaint. A motion for reconsideration may be granted if the movant establishes: (1) there has been an intervening change in controlling law; (2) new evidence has become available since the court decided the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Schumann v. Astrazeneca Pharm., L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A motion for reconsideration may not be used to relitigate issues or present arguments that could have been raised earlier but were not. *Blystone v. Horn*, 664 F.3d 397, 416 (3d Cir. 2011) (citing *Howard Hess Dental Lab., Inc. v. Dentasply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)).

## IV. Discussion

Mr. Riley seeks reconsideration of the Court's "dismissal of his conjugal visits claim" with prejudice. (*See* ECF No. 11, ¶¶ 3- 4.) Yet, in his motion for reconsideration Plaintiff does not argue that the Court erred in holding that he failed to state a claim for relief pursuant to 42 U.S.C. § 1983 related to the denial of conjugal visits while in prison. (*See Id.*, *generally*.) Rather, Mr. Riley argues he also plead a claim that the DOC's policy of denying inmates and their spouses conjugal visits substantially burdens his right to practice his religious faith in violation of the Religious Land Use and

Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, *et seq.*, and Pennsylvania's Religious Freedom Protection Act (RFPA), 71 Pa, Stat, Ann. § 2401 *et seq*. (*Id.*, ¶ 5.) Mr. Riley seeks reconsideration of the Court's screening order so he may file an amended complaint which includes his RLUIPA and PRFPA claims. (*Id.*, p. 3.)

Having reviewed the Complaint and the Court's memorandum and order, the Court finds that Mr. Riley has failed to demonstrate any of the necessary grounds to warrant reconsideration of the screening order. In the Court's screening order, it was noted that Mr. Riley filed his action pursuant to 42 U.S.C. § 1983, RLUIPA and PRFPA. *Riley*, 2019 WL 1424625, at *2. The Court held Plaintiff could not state a viable § 1983 claim with respect to the denial of his request for conjugal visits. *Id.* at *3. The Court advised Mr. Riley that "all causes of action alleged in the original complaint which are not replead in the amended complaint are waived." *Id.* at *4. The only claim that was dismissed from the Complaint was Mr. Riley's § 1983 claim related to the denial of conjugal visits. The Court's order did not preclude Plaintiff from repleading his RLUIPA, PRFPA or retaliation claims.

Accordingly, Mr. Riley's motion for reconsideration (ECF No. 11) will be denied. The Court will *sua sponte* grant Mr. Riley additional time to file his amended complaint.

An appropriate order follows.

Date: April 12, 2019           /s/ A. Richard Caputo
                               **A. RICHARD CAPUTO**
                               **United States District Judge**